

# Notice of Service of Process

TMM / ALL
Transmittal Number: 12969329
Date Processed: 09/19/2014

| | |
|---|---|
| **Primary Contact:** | Asally Adib Samadian<br>SBEEG Holdings LLC<br>5900 Wilshire Blvd., Suite 3100<br>Los Angeles, CA 90036 |
| **Copy of transmittal only provided to:** | Ashley Green<br>Brandt Mori Esq. |
| **Entity:** | Spoonful Management Miami, LLC<br>Entity ID Number  2990374 |
| **Entity Served:** | Spoonful Management Miami, LLC |
| **Title of Action:** | Andrew D. Gonzalez vs. Spoonful Management Miami, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Miami-Dade County Circuit Court, Florida |
| **Case/Reference No:** | 14-23659 CA 01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 09/19/2014 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Roderick V. Hannah<br>954-362-3800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-23659 CA 01

ANDREW D. GONZALEZ, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

SPOONFUL MANAGEMENT MIAMI, LLC,
a Florida limited liability company;

    Defendant.

_____/

Date: 9/19/14
Time: 2:30 pm
By: OMC 101

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action upon Defendant:

    SPOONFUL MANAGEMENT MIAMI, LLC, a Florida limited liability company
    c/o Corporation Service Company
    1201 Hays Street
    Tallahassee, Florida 32301-2525

    WITNESS my hand and the Seal of said Court ___SEP 1 6 2014_____, 2014.

                            HARVEY RUVIN
                            as Clerk of said Court

                            **Jenny Seijas**

                        By:_____
                            As Deputy Clerk

    Each Defendant is required to serve written defenses to the Plaintiff's Attorney, whose address is:

RODERICK V. HANNAH, ESQ.
LAW OFFICE OF RODERICK V. HANNAH, P.A.
4018 SHERIDAN STREET
HOLLYWOOD, FLORIDA 33021-3536

within 20 days after service of this summons on Defendant(s), exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: 14-23059 CA 01
Judge: TBH

**ANDREW D GONZALEZ**
Plaintiff
vs.
**SPOONFUL MANAGEMENT MIAMI, LLC**
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☒ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary
   ☐   Non-monetary declaratory or injunctive relief;
   ☒   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (   )**
   (Specify)

   1- Minimum Wage Violation of FLSA

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Roderick V Hannah                     FL Bar No.: 435384
         Attorney or party                                      (Bar number, if attorney)

Roderick V Hannah                                  09/12/2014
   (Type or print name)                                Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-23659 CA 01

ANDREW D. GONZALEZ, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

SPOONFUL MANAGEMENT MIAMI, LLC,
a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff ANDREW D. GONZALEZ, through undersigned counsel and on behalf of himself and all others similarly situated, sues Defendant SPOONFUL MANAGEMENT MIAMI, LLC, a Florida limited liability company, and alleges as follows:

1. This is an action for unlawful failure to pay minimum wages as required by the federal Fair Labor Standards Act, 29 U.S.C. §206(a) ("FLSA"), and its implementing regulations.

2. This is an action for damages that exceed $15,000.00, exclusive of interest, costs, and attorney's fees.

3. Plaintiff at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. Plaintiff brings this action on behalf of himself and all other current and former employees of Defendant who are similarly situated.

4. Defendant is, and at all relevant times was, a Florida limited liability company doing business in Miami-Dade County, Florida. Defendant is, and at all relevant times was, a

restaurant operating and management company that operated, and continues to operate, a restaurant located in the SLS Hotel South Beach in Miami Beach, Florida At all relevant times Defendant had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, had gross annual revenues of not less than $500,000.00, and was thus an "employer" under the FLSA for purposes of enterprise coverage under the statute.

5. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt (under the FLSA) wait staff, server assistants ("TSAs"), and bar backs who were paid less than the statutory minimum wage and were required to share their cash tips from customers with the restaurant dish washers and stewards who had no customer interaction or customer service functions, and who were thus not customarily entitled to received tips.

6. At all times during his employment with Defendant, from in or about November 2012 through January 26, 2014, Plaintiff was a non-exempt employee of Defendant who was a TSA who, along with the other TSAs, assisted the wait staff and servers in bussing customer tables and in serving food and drinks to customers. During his employment, Plaintiff was paid $5.50 per hour, less than the applicable statutory minimum wage, and was also paid tips.

7. During Plaintiff's employment with Defendant, Defendant had in place a tip pool arrangement under which the restaurant wait staff, including servers, TSAs, and bar backs, participated in and were paid out tips on a percentage basis from a tip pool. However, the tip pool arrangement used by Defendant was improper and illegal under the FLSA in that not all tips received by the wait staff were pooled for tip pool distribution. Only the credit card tips paid by customers to the restaurant were part of the tip pool arrangement, while cash tips were regularly distributed separately to the wait staff, including servers, TSAs, and bar backs. Moreover, the

TSAs and bar backs who were paid cash tips by the wait staff were required by Defendant's restaurant management to share their tips with the restaurant's dish washers and stewards, persons who had no customer service duties or customer interaction, and who were not normally entitled to received tips. As the tip pool arrangement was illegal because not all tips received were distributed via the tip pool, and because the TSAs and bar backs were required to share their tips with those not normally entitled to receive tips, Defendant failed to pay Plaintiff and those similarly situated to him the statutory minimum wage as required by the FLSA.

8. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

9. Plaintiff has hired the undersigned law firms to represent him in this case and has agreed to pay the firms a reasonable fee for their services.

## COUNT I – MINIMUM WAGE VIOLATION OF FLSA

10. Plaintiff re-alleges paragraphs 1 through 9 as if set forth fully herein.

11. Under the FLSA, Defendants were obligated to pay Plaintiff and all those similarly situated the statutorily required minimum wage for all hours worked. However, Plaintiff and those similarly situated were paid less than the required minimum wage for all hours they worked in violation of the FLSA.

12. Defendant was and is not entitled to receive the tip credit per the FLSA as Defendant's tip pool was illegal as not all tips paid were subject to tip pool distribution, and Plaintiff, and those similarly situated, were required to share their cash tip payouts with dishwashers and stewards; i.e., persons in positions not otherwise entitled to receive any tips.

13. As a direct and proximate result of Defendant's FLSA minimum wage violations, Plaintiff and those similarly situated have suffered damages, and are entitled to recover from the

Defendant, in the amount of the difference between the statutorily required minimum wages that should have been paid and the hourly wages that were actually paid, plus liquidated damages in an amount equal to the unpaid wages.

14. Defendant engaged in its illegal conduct willfully and intentionally; hence, Plaintiff and those similarly situated are entitled to recover unpaid minimum wages for the three-year period immediately preceding this suit.

15. Plaintiff and those similarly situated are entitled to recover their costs and attorney's fees pursuant to the FLSA.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, demands judgment against Defendant declaring Defendant's tip pool and tip sharing practices to be in violation of the FLSA, and further demands judgment against Defendant for all unpaid wages, liquidated damages, interest, costs, attorney's fees, and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: September 12, 2014.

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.** | **KAPLAN & MILLER** |
| Counsel for Plaintiff | Co-Counsel for Plaintiff |
| 4018 Sheridan St. | 999 Ponce De Leon Blvd. |
| Hollywood, FL 33024 | Suite 20 |
| 954/362-3800 | Coral Gables, FL 33134 |
| 954/362-3779 (Facsimile) | 305/445-2727 |
| Email: rhannah@rhannahlaw.com | Email: smiller@kaplanandmiller.com |
| By _s/ Roderick V. Hannah_ | By _s/ Steven L. Miller_ |
|     RODERICK V. HANNAH |     STEVEN L. MILLER |
|     Fla. Bar No. 435384 |     Fla. Bar No. 651184 |